UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
DONALD S. TELFAIR,

                Plaintiff,

        -against-

MIGUEL HERNENDEZ-MARTINEZ,
LUIS CORTEZ, LUIS VALERIO, DULCE
HERNANDEZ, MARIA PENA, JOHN DOE
PROPERTY OWNER/LANDLORD, MICHAEL
C. FALES, SUFFOLK COUNTY POLICE
DETECTIVE #1213, JOSEPH M. PAPILE,
SUFFOLK COUNTY POLICE OFFICER #4504,
JOHN DOE SUFFOLK COUNTY POLICE
OFFICER #1 - #4,

                Defendants.
-----------------------------------------------------------------X

**MEMORANDUM AND ORDER**
13-CV-5260 (JFB)(AKT)

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ DEC 11 2013 ★

LONG ISLAND OFFICE

JOSEPH F. BIANCO, District Judge:

By Memorandum and Order dated November 19, 2013 (the "Order"), the undersigned granted the application of incarcerated *pro se* plaintiff Donald S. Telfair ("plaintiff") to proceed *in forma pauperis* but *sua sponte* dismissed his civil rights complaint because plaintiff had failed to allege a plausible claim against any defendant. Insofar as plaintiff purported to allege a civil rights claim pursuant to 42 U.S.C. § 1983 ("Section 1983") against Miguel Martinez ("Martinez"), Luis Cortez ("Cortez"), Dulce Hernandez ("Hernandez"), Maria Pena ("Pena"), and "John Doe Property Owner/Landlord" ("Landlord"), such claims were dismissed with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii); 1915A(b)(1). See Order, at 5-6. Plaintiff's Section 1983 claims against the four unnamed Suffolk County police officers were dismissed without prejudice and with leave to file an amended complaint within thirty (30) days from the date of the Order.

Accordingly, on November 27, 2013, plaintiff timely filed an amended complaint. However, notwithstanding the dismissal of plaintiff's Section 1983 claims against Martinez, Corte, Hernandez, Pena and the Landlord with prejudice, plaintiff continues to name these individuals as defendants. In addition, although the amended complaint adds Michael C. Fales, Suffolk County Detective #1213 ("Det. Fales"), and Joseph M. Papile, Suffolk County Police Officer #4504 ("P.O. Papile"), as defendants in the caption, neither of these officers is mentioned in the body of the amended complaint. Apart from the addition of Det. Fales and P.O. Papile, and an additional civilian, Luis Valerio ("Valerio"), the amended complaint is virtually identical to the original and thus suffers from the same deficiencies as noted in the Order. Accordingly, the amended complaint is dismissed and the Clerk of Court is directed to close this case.

## BACKGROUND

As noted above, plaintiff filed an *in forma pauperis* civil rights complaint alleging that, on August 10, 2013, he was assaulted by Martinez, Cortez and Hernandez at 182 W. Yaphank Road in Coram, New York, at 2:14 a.m. while Pena watched. Compl. at ¶¶ IV(1-2). Shortly after the alleged assault, four unidentified Suffolk County police officers are alleged to have responded to the "scene" and, after plaintiff described that he had just been assaulted, the officers "laughed." Id. at ¶ IV(3). One of the officers is alleged to have also stated: "it looks like you got your ass kicked pretty good." Id. Plaintiff claimed that the "officers did not use due diligence in ascertaining whether or not there was in fact a crime committed against plaintiff, therefore violating the plaintiff's civil/human rights." Id. As a result of the foregoing, plaintiff sought to recover a damages award of $10 million. Id. at ¶ V.

By Memorandum and Order dated November 19, 2013, the undersigned granted

2

plaintiff's application to proceed *in forma pauperis*, dismissed plaintiff's claims against the defendants other than the unnamed Suffolk County police officers with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii); 1915A(b)(1). The Order detailed that a plausible Section 1983 claim requires allegations that the plaintiff was deprived of a constitutional right "under color of state law." Order at 4-5 (citing Briscoe v. LaHue, 460 U.S. 325, 329-30 (1983); Ahlers v. Rabinowitz, 684 F.3d 53, 60 (2d Cir. 2012); see also Singletary v. Chalifoux, No. 13-CV-4205, 2013 WL 5348306, at *2 (E.D.N.Y. Sept. 23, 2013) ("A claim for relief under section 1983 must allege facts showing that the defendant acted under color of a state "'statute, ordinance, regulation, custom or usage'" (quoting 42 U.S.C. § 1983)). The Court explained that "[a]lthough private citizens generally are not state actors for purposes of Section 1983, liability may nevertheless be imposed under Section 1983 upon private individuals who are not state actors pursuant to a conspiracy theory." Order at 5 (citing Ciambriello v. Cnty. of Nassau, 292 F.3d 307, 324-25 (2d Cir. 2002)). Because plaintiff did not allege that Martinez, Cortez, Hernandez, Pena and Landlord acted under color of state law or conspired with a state actor to deprive plaintiff of some constitutional right, the Section 1983 claims were dismissed with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii); 1915A(b)(1). The Court concluded that the dismissal was warranted given that the allegations in the complaint belie a conspiracy claim because plaintiff separately sued the unnamed Suffolk County police officers for their actions after the alleged assault, and nothing in the complaint indicated that these named defendants had any contact with the officers or other state actors before the alleged assault. *Id.*

With regard to the unnamed Suffolk County police officers, plaintiff's complaint did not allege that these officer defendants deprived him of any constitutional right. In the absence of

3

any factual allegations that demonstrated the deprivation of any federal or constitutional right, the Court dismissed plaintiff's Section 1983 claims against the unidentified police officer defendants without prejudice and with leave to file an amended complaint. Plaintiff timely filed an amended complaint but continues to name Martinez, Cortez, Hernandez, Pena and Landlord as defendants to his Section 1983 claims. Plaintiff has included an additional civilian defendant, Valerio, and has added two law enforcement officers, Det. Fales and P.O. Papile, to the caption of the amended complaint. Apart from those additions, the amended complaint is virtually identical to the original and thus suffers from the same deficiencies as noted in the Order.

## DISCUSSION

I. Application of 28 U.S.C. § 1915

Section 1915 of Title 28 requires a district court to dismiss an *in forma pauperis* complaint if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2)(B)(i-iii), 1915A(b). The Court is required to dismiss the action as soon as it makes such a determination. *See id.* The obligation to screen and *sua sponte* dismiss an *in forma pauperis* complaint also applies to any amended complaint filed pursuant to court order by the plaintiff. See, e.g., O'Neil v. Ponzi, 394 F. App'x 795 (2d Cir. 2010); Adekoya v. Herron, No. 6:10-CV-6646, 2013 WL 6092507, at *3 (W.D.N.Y. Nov. 19, 2013) (dismissing amended complaint in its entirety with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1)).

As is readily apparent, plaintiff's amended complaint suffers from the same deficiencies as the original complaint. Indeed, the amended complaint is nearly identical to the original

4

except that the amended complaint adds Valerio, Det. Fales and P.O. Papile as defendants. Given that Valerio is a private party who is not alleged to have conspired with a state actor, he cannot be liable under Section 1983 as a matter of law. See, e.g., Flagg v. Yonkers Sav. & Loan Ass'n, 396 F.3d 178, 186 (2d Cir. 2005). Accordingly, plaintiff's Section 1983 claim against Valerio is not plausible and thus is dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). Similarly, plaintiff has not alleged a plausible Section 1983 claim against Det. Fales, P.O. Papile or any of the four other unnamed Suffolk County police officers in the amended complaint. Apart from the caption, Det. Fales and P.O. Papile are not again mentioned, and the allegations against the four unnamed Suffolk County police officers are the same as those included in the original complaint. Thus, for the reasons set forth in the Order, the amended complaint does not allege a plausible Section 1983 claim against any defendant. In particular, it is well settled that "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973). Accordingly, the amended complaint is dismissed with prejudice.

II.     Leave to Further Amend

The Court has considered whether leave to further amend the complaint should be granted. Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that a party shall be given leave to amend "when justice so requires." Nevertheless, "[l]eave to amend, though liberally granted, may properly be denied for: 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.'" Ruotolo v. City of New York, 514 F.3d 184, 191 (2d Cir. 2008) (citing Foman

except that the amended complaint adds Valerio, Det. Fales and P.O. Papile as defendants. Given that Valerio is a private party who is not alleged to have conspired with a state actor, he cannot be liable under Section 1983 as a matter of law. See, e.g., Flagg v. Yonkers Sav. & Loan Ass'n, 396 F.3d 178, 186 (2d Cir. 2005). Accordingly, plaintiff's Section 1983 claim against Valerio is not plausible and thus is dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). Similarly, plaintiff has not alleged a plausible Section 1983 claim against Det. Fales, P.O. Papile or any of the four other unnamed Suffolk County police officers in the amended complaint. Apart from the caption, Det. Fales and P.O. Papile are not again mentioned, and the allegations against the four unnamed Suffolk County police officers are the same as those included in the original complaint. Thus, for the reasons set forth in the Order, the amended complaint does not allege a plausible Section 1983 claim against any defendant. In particular, it is well settled that "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973). Accordingly, the amended complaint is dismissed with prejudice.

II.     Leave to Further Amend

The Court has considered whether leave to further amend the complaint should be granted. Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that a party shall be given leave to amend "when justice so requires." Nevertheless, "[l]eave to amend, though liberally granted, may properly be denied for: 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.'" Ruotolo v. City of New York, 514 F.3d 184, 191 (2d Cir. 2008) (citing Foman

except that the amended complaint adds Valerio, Det. Fales and P.O. Papile as defendants. Given that Valerio is a private party who is not alleged to have conspired with a state actor, he cannot be liable under Section 1983 as a matter of law. See, e.g., Flagg v. Yonkers Sav. & Loan Ass'n, 396 F.3d 178, 186 (2d Cir. 2005). Accordingly, plaintiff's Section 1983 claim against Valerio is not plausible and thus is dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). Similarly, plaintiff has not alleged a plausible Section 1983 claim against Det. Fales, P.O. Papile or any of the four other unnamed Suffolk County police officers in the amended complaint. Apart from the caption, Det. Fales and P.O. Papile are not again mentioned, and the allegations against the four unnamed Suffolk County police officers are the same as those included in the original complaint. Thus, for the reasons set forth in the Order, the amended complaint does not allege a plausible Section 1983 claim against any defendant. In particular, it is well settled that "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973). Accordingly, the amended complaint is dismissed with prejudice.

II.     Leave to Further Amend

The Court has considered whether leave to further amend the complaint should be granted. Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that a party shall be given leave to amend "when justice so requires." Nevertheless, "[l]eave to amend, though liberally granted, may properly be denied for: 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.'" Ruotolo v. City of New York, 514 F.3d 184, 191 (2d Cir. 2008) (citing Foman

v. Davis, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962)); see also Burch v. Pioneer Credit Recovery, Inc., 551 F.3d 122, 126 (2d Cir. 2008). "[W]hen addressing a *pro se* complaint, a district court should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." Thompson v. Carter, 284 F.3d 411, 416 (2d Cir. 2002) (quotations and citation omitted); see also Chavis v. Chappius, 618 F.3d 162, 170 (2d Cir. 2010).

Here, in an abundance of caution, plaintiff was already afforded leave to file an amended complaint. Rather than amend his complaint in accordance with the Court's guidance, plaintiff simply resubmitted the complaint, albeit with the addition of three new parties. Upon careful consideration of plaintiff's allegations and plaintiff's conduct in filing the amended complaint, the Court finds that leave to further amend the complaint would be futile. Accordingly, leave to further amend the complaint is denied.

## CONCLUSION

For the reasons set forth above, the amended complaint is *sua sponte* **dismissed with prejudice** pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1). Leave to amend is **denied**. The Clerk of Court is directed to mail a copy of this Order to the *pro se* plaintiff and to close the case.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Joseph F. Bianco
United States District Judge

Dated: December 11, 2013
Central Islip, New York